IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM PATRICK O'CONNOR,

        Plaintiff,

        v.        Civil Action No.2:10-cv-115

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

On October 5, 2010, William Patrick O'Connor (hereinafter "Plaintiff"), filed a complaint under 42 U.S.C. § 405(g) and an Application for Leave to Proceed in forma pauperis.[1]

Plaintiff's application reveals his only income to be $444/month from his spouse's employment, interest and dividends. It appears Plaintiff is not currently working and has not been employed since 2005. Plaintiff's spouse is currently employed part-time at Pro Stainless Inc. Plaintiff has two accounts at Grant County Bank; a checking account with a balance of $3,285.04 and a savings account with a balance of $227.38.

Plaintiff and his spouse own property. Plaintiff represents the total property value of his home is $100,000 and his land is $350,000. Plaintiff and his spouse also own three motor vehicles and one tractor. The three motor vehicles are: a 2001 Chevrolet Silverado valued at $4,000, a 2001 Chevrolet Impala valued at $1000 and a 2003 Mitsubishi Eclipse valued at $5000. Plaintiff values the New Holland Tractor at $12,000. Plaintiff's application also indicates Plaintiff is owed $50,000/year for 11 years by Pro Stainless Inc. "for selling half of

---

[1] Dkt. Nos. 1 & 2, respectively.

business for being unable to work." See Pl.'s Appl., Pg. 3 (Dkt. 2). Plaintiff also has a 19 year-old daughter who relies on Plaintiff for support.

Plaintiff estimates his average monthly expenses at $3,387.54. The substance of Plaintiff's monthly expenses are as follows: $485 in home mortgage payments; $640.56 in utilities; $25 in home maintenance; $600 in food, $100 in clothing; $120 in medical and dental expenses; $100 in transportation; $146.98 in recreational expenses; $110.98 in homeowner's insurance; $20 in life insurance; $318.36 in motor vehicle insurance; $160.66 in personal and property taxes; $425 in credit card installment payments; $35 in regular business expenses; and $100.10 in Poleris UTU work. Plaintiff does not indicate whether Plaintiff expects any major changes to his income, expenses, assets or liabilities during the next 12 months.

When determining IFP status, the Court considers "any support that an IFP applicant might receive from a spouse, or *from any other individual*." Ginters v. Frazier, 2008 WL 314701 at 2 (D. Minn., February 4, 2008)[2] (*emphasis added*). See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at 3 (N.D. Ind., 1993)[3] (the income and assets of close family members are relevant to a determination of indigency); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (it is proper to consider whether the party claiming indigent status receives financial support from her family); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse,

---

[2] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

[3] See FN 2.

parent, adult sibling or other next friend.'") (quoting <u>Williams v. Spencer</u>, 455 F. Supp. 205, 208-09 (D. Md. 1978).

Based on the information provided in Plaintiff's application, the Court finds Plaintiff can afford to pay the $350 filing fee.  While one need not be "absolutely destitute" to proceed IFP, ...IFP need not be granted where one can pay or give security for the costs "and still be able to provide for himself and dependents with the necessities of life." <u>Adkins v. E.I. DuPont De Nemours & Co.</u>, 335 U.S. 331, 339, 69 S. Ct. 85 (1948) (quotations omitted).  While Plaintiff's income is not large, it allows Plaintiff some discretionary spending money.  Additionally, Plaintiff owns three motor vehicles, a tractor, his home and other real estate that is substantially valued.  Therefore, the Court finds Plaintiff has sufficient resources to pay for his filing fees.

Accordingly, it is **RECOMMENDED** Plaintiff's October 5, 2010 Application to Proceed Without Prepayment of Fees be **DENIED**, and Plaintiff be ordered to pay the full filing fee.

Plaintiff may file with the Clerk of Court, within fourteen (14) days from the date of this Report and Recommendation, written objections identifying those portions of the Report and Recommendation to which objection is made, and the basis for such objections.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to counsel of record herein.

**IT IS SO ORDERED.**
DATED: October 18, 2010

                                              /s/ *James E. Seibert*
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE