# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM PATRICK O'CONNOR**

    **Plaintiff,**

    **v.**                                                           **CIVIL ACTION NO. 2:10-CV-115**
                                                                                     **(BAILEY)**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## ORDER

      Pending before this Court are Plaintiff's Motion for Summary Judgment (Doc. 14) and Defendant's Motion for Summary Judgment (Doc. 16).

      On April 18, 2011, Magistrate Judge James E. Seibert filed his Report and Recommendation (R&R) (Doc. 18) in the above-styled matter wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed his objections (Doc. 19) on May 4, 2011. Subsequently, the defendant filed a response to plaintiff's objections (Doc. 20). This matter is now ripe for review.

      Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Seibert in his R&R. This Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable to this case.

      Upon consideration of the plaintiff's objections, this Court finds that the plaintiff has not raised any issues that were not thoroughly and properly considered by the Magistrate Judge in his R&R. In his objections, plaintiff reasserts his arguments that the Appeals

Council erred by failing to explain how it evaluated new evidence, and that the ALJ's conclusions regarding the plaintiff's daily activities were unsupported and erroneously relied upon in evaluating the treating physician's opinions and the plaintiff's credibility.

The Magistrate Judge noted that Fourth Circuit precedent does not require the Appeals Council to set forth detailed reasons in finding that additional evidence does not warrant a change in the ALJ's decision. *See* **Hollar v. Comm'r**, 1999 WL 753999 (4th Cir. Sept. 23, 1999), *cert. denied sub nom.,* **Hollar v. Apfel**, 530 U.S. 1219 (2000). The plaintiff objects, citing **Spruell v. Barnhart**, Civil Action No. BPG-05-2447, an unpublished magistrate judge's decision from the District of Maryland, and **Venters v. Astrue**, 2010 WL 481246 (D. Md. Feb. 4, 2010), a decision by Magistrate Judge Digirolamo.

This Court is cognizant of the split among the district courts of the Fourth Circuit concerning this issue, perhaps engendered by the fact that **Hollar** and **Freeman v. Halter**, 2001 WL 847978 (4th Cir. July 27, 2001) are unpublished and conflict with the unpublished decision in **Thomas v. Comm'r**, 2001 WL 1602103 (4th Cir. Dec. 17, 2001).

The decisions of District of South Carolina clearly require a remand. **Harmon v. Apfel**, 103 F.Supp.2d 869 (D.S.C. 2000) (Judge Norton); **Belue v. Astrue**, 2010 WL 3734715 (D.S.C. July 19, 2010) (Mag. Judge Hodges); and **Sapienza v. Astrue**, 2010 WL 3781998 (D.S.C. Sept. 22, 2010) (Judge Herlong).

The District of Maryland is less consistent. In **Hawker v. Barnhart**, 235 F.Supp.2d 445 (D. Md. 2002), the court held that a remand was required, yet in **Waters v. Astrue**, 485 F.Supp.2d 512 (D. Md. 2007), questioned the holding in **Hawker** and held that remand is not always required. This decision is followed by **Venters v. Astrue**, 2010 WL 481246 (D. Md. Feb. 4, 2010), requiring a remand.

The Eastern District of North Carolina does not require a remand. ***King v. Barnhart***, 415 F.Supp.2d 607 (E.D. N.C. 2005) (Chief Judge Flanagan); ***Smith v. Astrue***, 2010 WL 3210877 (E.D. N.C. May 5, 2010) (Mag. Judge Webb).

The Eastern District of Virginia also does not require detailed findings by the Appeals Council. ***Shawn v. Comm'r***, 2010 WL 4623980 (E.D. Va. Aug. 25, 2010), citing ***Hollar*** and ***Freeman***.

The Western District of Virginia is not completely consistent. In ***Ridings v. Apfel***, 76 F.Supp.2d 707 (W.D. Va. 1999), Judge (now Chief Judge) Jones held that the Appeals Council is not required to give a detailed assessment of its failure or refusal to grant review, following ***Hollar***. In ***Davis v. Barnhart***, 392 F.Supp.2d 747 (W.D. Va. 2005), Judge Moon stated:

> The Appeals Council is not obliged to supply reasons for refusing to grant review under § 404.970, even if a claimant has submitted new evidence. ***Freeman v. Halter,*** 15 Fed.Appx. 87, 89 (4th Cir. 2001) (unpublished opinion) ("The regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision"); ***Hollar v. Commissioner,*** 1999 WL 753999, *1 (4th Cir.1999) (unpublished opinion); ***Riley v. Apfel,*** 88 F.Supp.2d 572, 580 (W.D .Va. 2000); ***Ridings v. Apfel,*** 76 F.Supp.2d 707, 709 n. 6 (W.D .Va. 1999).
>
> If the Council denies review, the ALJ's decision automatically becomes the final decision of the Commission. 20 C.F.R. § 404.981. "It is thus the decision of the ALJ, and not the procedural decision of the Appeals Council

> to deny review, that is subject to judicial scrutiny." ***Bryant v. Barnhart***, 2005 WL 1804423, *3 (W.D. Va. Jan. 21, 2005). Indeed, the Fourth Circuit has held that when the Appeals Council considers additional evidence but denies review, reviewing courts must consider the record as a whole, including the new evidence, to determine whether the decision of the ALJ is supported by substantial evidence. ***Wilkins [v. Secretary]***, 953 F.2d at 96.

392 F.Supp.2d at 751.

In accord is ***Bowers v. Astrue***, 2008 WL 2563218 (W.D. Va. June 24, 2008), but in ***Nelson v. Astrue***, 2008 WL 5169116 (W.D. Va. Dec. 9, 2008), Magistrate Judge Welsh held that a remand was required.

The Southern District of West Virginia does not require an explanation from the Appeals Council for its decision that additional evidence does not warrant a change in the ALJ's decision. ***Bolin v. Astrue***, 2010 WL 1176570 (S.D. W.Va. March 23, 2010) (Mag. Judge Stanley); ***Caldwell v. Astrue***, 2010 WL 5184247 (S.D. W.Va. Dec. 15, 2010) (Mag. Judge Eifert).

The Northern District of West Virginia also does not require findings from the Appeals Council. ***Boggs v. Astrue***, 2008 WL 467386 (N.D. W.Va. Feb. 19, 2008) (Judge Stamp); ***Delawder v. Astrue***, 2009 WL 2423978 (N.D. W.Va. Aug. 6, 2009) (Judge Keeley).

This Judge will join his fellow judges in finding that detailed findings from the Appeals Council are not required and that the failure of the Appeals Council to make such findings does not, in itself, require a remand, for the following reasons:

First, "the regulations do not require the Appeals Council to state its rationale for

4

denying review." *Delawder, supra* at *21. As noted by Magistrate Judge Eifert:

> These regulations require the Appeals Council to "evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b) and 416.1470(b). The regulations do not place any duty on the Appeals Council to overtly analyze the new evidence or articulate a reason for its determination that the ALJ's action, findings, or conclusions were not contrary to the totality of the evidence. The Court concludes that if such a duty existed, it would have been expressly set forth in the regulations.

*Caldwell*, supra at *15.

Second, **Hollar v. Comm'r**, 1999 WL 753999 (4th Cir. Sept. 23, 1999), *cert. denied sub nom., Hollar v. Apfel*, 530 U.S. 1219 (2000) and **Freeman v. Halter**, 2001 WL 847978 (4th Cir. July 27, 2001) are more consistent with the regulatory scheme under which appeals are taken and more persuasive than **Thomas v. Comm'r**, 2001 WL 1602103 (4th Cir. Dec. 17, 2001).

Third, in **Wilkins v. Secretary**, 953 F.2d 93 (4th Cir. 1991), a published and binding decision, the Fourth Circuit held that when the Appeals Council denies review, the decision of the **ALJ** becomes the final decision of the Secretary. *Wilkins* also states that where the Appeals Council accepts new evidence and denies review, it is up to the courts to "review the record as a whole, including the new evidence, in order to determine whether

substantial evidence supports the Secretary's findings." 953 F.2d at 96.

It logically follows that if the court is to review the decision of the ALJ, no findings by the Appeals Council are required.

Fourth, this Court's holding is in concert with the holdings of courts outside the Fourth Circuit. See **Burgin v. Comm'r**, 2011 WL 1170733 (11th Cir. March 30, 2011); **Browning v. Sullivan**, 958 F.2d 817 (8th Cir. 1992); **Damato v. Sullivan**, 945 F.2d 982 (7th Cir. 1992). See also **Woodsum v. Astrue**, 711 F.Supp.2d 1239, 1248 (W.D. Wash. 2010) ("Given that the Ninth Circuit does not appear to have expressed any opinion on this issue, the undersigned finds the reasoning of the Eighth and Fourth Circuits in **Browning** and **Hollar** respectively to be more persuasive, and therefore adopts it. Indeed, at least two other courts of appeal appear to have adopted that reasoning as well, finding that federal courts do not have the jurisdiction to perform the type of judicial review sought by plaintiff here.").

Finally, although not a significant factor, this Court believes that it is preferable to maintain consistency with the other judges of this District, **Boggs v. Astrue**, 2008 WL 467386 (N.D. W.Va. Feb. 19, 2008) (Judge Stamp); **Delawder v. Astrue**, 2009 WL 2423978 (N.D. W.Va. Aug. 6, 2009) (Judge Keeley), and with the decisions of our sister district, **Bolin v. Astrue**, 2010 WL 1176570 (S.D. W.Va. March 23, 2010) (Mag. Judge Stanley); **Caldwell v. Astrue**, 2010 WL 5184247 (S.D. W.Va. Dec. 15, 2010) (Mag. Judge Eifert).

In the instant matter, the Appeals Council found that additional information provided by claimant did "not provide a basis for changing the Administrative Law Judge's decision." Tr. at 2, 4. No more is required of the Appeals Council at this time. Accordingly, plaintiff's

first objection is overruled.

Turning to the plaintiff's next objection, this Court finds, as set forth by the Magistrate Judge, that an ALJ's evaluation of a claimant's credibility must be given great deference. Specifically, it has been held that an ALJ's credibility determination should only be reversed "if the claimant can show it was 'patently wrong.'" **Powers v. Apfel**, 207 F.3d 431, 435 (7th Cir. 2000). In the instant matter, the ALJ found claimant's symptoms to be exaggerated "in light of the claimant's description of his daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. at 28. This Court cannot find that the plaintiff/claimant has shown this determination to be patently wrong. Further, it is the duty of the ALJ, and not the responsibility of this Court, to make findings of fact and resolve conflicts in the evidence. This Court must uphold the ALJ's findings if they are supported by substantial evidence. In reviewing the ALJ's determinations of the plaintiff's daily activities, this Court finds that the ALJ's findings of fact are supported by substantial evidence. Therefore, plaintiff's second objection must be overruled.

Accordingly, as more fully set forth in the Magistrate Judge's R&R (Doc. 18), this Court finds that the Commissioner's decision that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's R&R be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 16) shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 14) shall be, and

the same hereby is, **DENIED**.  It is further

ORDERED that the decision for the defendant is **AFFIRMED**, and that his civil action is **DISMISSED** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**DATED**: June 3, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE